

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Christopher Amore*
*Benjamin Levin*
*Assistant United States Attorneys*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*(973) 645-2700*

December 18, 2022

**FILED ON ECF**

The Honorable John Michael Vazquez
United States District Judge
Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

      Re:   *United States v. Omar Alkattoul*
            Crim No. 22-797 (JMV)

Dear Judge Vazquez:

      The Government respectfully submits this sur reply in opposition to the Defendant Omar Alkattoul's ("Alkattoul" or the "Defendant") reply brief ("Def. Reply"), *see* ECF No. 3, in order to address the threshold question of whether the Defendant can be detained under the Bail Reform Act of 1984 and to clarify the Government's position with respect to whether 18 U.S.C. § 875(c) is a crime of violence. Neither party nor the Court addressed the threshold question at the Defendant's initial appearance and bond hearing; that issue was raised for the first time in a footnote in Defendant's opening brief (Def. Motion) and again more substantively in the Defendant's reply brief. *See* Def. Motion at 15 n.8; Def. Reply at 3-4.

      The Government also apologizes for mis-citing *United States v. Mjoness*, 4 F.4th 967, 973-82 (10th Cir. 2021), as a *Fourth Circuit* case. *See* Govt. Response (ECF No. 2) at 15. *Mjoness* is indeed a Tenth Circuit case. After considering and rejecting Mjoness's petition for panel rehearing and rehearing *en banc*, the Tenth Circuit replaced its published opinion with "an identical unpublished order and judgment effective *nunc pro tunc* to the date the original opinion was filed." *See Mjoness*, 9 F.4th 1299 (Mem. Op. Sept. 3, 2021). In other words, a panel of the Tenth Circuit concluded that 18 U.S.C. § 875(c) is a crime of violence, and not a single active member of the Tenth Circuit bench found it necessary to re-visit that ruling. As addressed in more detail below,

1

though not a controlling precedent, *Mjoness* is just one of several cases finding § 875(c) to be a "crime of violence" under the Bail Reform Act. *See* Govt. Response at 15.

## I. The Court Has Authority to Conduct a Detention Hearing in this Case Pursuant to §§ 3142(f)(1)(A), 3142(f)(1)(E), and 3142(f)(2)

In this Circuit, "detention may be ordered only 'after a hearing pursuant to the provisions of subsection (f)" of § 3142. *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986) (quoting § 3142(e)). Thus, "the requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial." *Id.* (cleaned up). This Court can find that three of those circumstances apply here, if this case involves (1) "a crime of violence," 18 U.S.C. § 3142(f)(1)(A); (2) "any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm . . . or any other dangerous weapon," § 3142(f)(1)(E); or (3) "a serious risk that such person will flee or a serious risk that such person will obstruct or attempt to obstruct justice," § 3142(f)(2). So, this Court has three grounds for maintaining the Defendant's detention.

### a. If this Court finds that § 875(c) is a crime of violence, then the Defendant can be detained under § 3142(f)(1)(A).

The Government's opposition cited numerous cases finding 18 U.S.C. § 875(c) to be a crime of violence in the context of determining pre-trial detention. *See* Govt. Opposition at 15 (collecting cases). In his reply brief, the Defendant argues that because the Government has argued elsewhere that a violation of § 875(c) can be committed recklessly, the Government cannot argue here that § 875(c) is a crime of violence under the Bail Reform Act in light of *United States v. Borden*, 141 S. Ct. 1817 (2021). He's wrong. Whether § 875(c) counts as a crime of violence is a question of law that this Court must decide in this case, irrespective of what the parties or their counsel have argued in other cases.

In this Circuit, the categorical approach applies when determining whether an offense is a "crime of violence" within the meaning of sections 3142(f)(1)(A) and 3142(g)(1). *See United States v. Bowers*, 432 F.3d 518, 521 (3d Cir. 2005). Moreover, in *United States v. Davis*, the Supreme Court rejected a conduct-specific analysis of 924(c)'s definition of "crime of violence" and— without expressly mentioning the Bail Reform Act of 1984 observed that applying the categorical approach to all "crime of violence" definitions would promote "sensibly congruent applications across all these other statutes." 139 S. Ct. 2319, 2329 (2019). This led the Second Circuit to reluctantly hold that the categorical approach applies to 3142(f)(1)(A). *See United States v. Watkins*, 940 F.3d 152, 163 (2d Cir. 2019) ("[E]ven though it would make abundant sense to allow courts to consider an arrestee's actual conduct during the

2

charged crime for purposes of pretrial detention, we are bound by the Supreme Court's broad reasoning in *Davis*.").

Still, as the Government noted in its opposition, the Third Circuit has yet to consider whether 18 U.S.C. § 875(c) is a crime of violence within the context of the Bail Reform Act.  Nor has the Third Circuit conclusively resolved "whether a finding of recklessness would be sufficient to satisfy the mental state requirement of Section 875(c)." *United States v. Elonis*, 841 F.3d 589, 601 (3d Cir. 2016) (leaving "that question for another day").  But if § 875(c) requires the Government to prove "beyond a reasonable doubt that the defendant transmitted a communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat," *United States v. C.S.*, 968 F.3d 237, 246 (3d Cir. 2020) (cleaned up), then a § 875(c) offense cannot be committed recklessly.  That, in turn, would mean § 875(c) still counts as a "crime of violence" after *Borden*.  *See, e.g.*, *United States v. Jackson*, No. 20-cr-118, 2022 WL 716968, at *2 (W.D. Pa. Mar. 10, 2022) (post-*Borden* decision upholding defendant's detention pending sentencing following a guilty plea to § 875(c) because 18 U.S.C. § 3143(a)(2) mandates detention for defendant convicted of "crime of violence").

### b. Section 3142(f)(1)(E) applies here because the Defendant's offense involved minor victims and the use of a firearm.

Alternatively, the Court can maintain the Defendant's detention if the offense involves "any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm."  18 U.S.C. § 3142(f)(1)(E).  Under this subsection, the Court "may consider the actual conduct at issue in the specific case." *Watkins*, 940 F.3d at 166.

As alleged in the complaint and as proffered in the Government's opposition and Exhibit B to the Government's opposition, the Defendant threatened to attack a synagogue, which he acknowledged was "in the context of an attack on Jews."  Compl. ¶ 1.  The threat, if carried out successfully, would undoubtedly target minor victims inside any such synagogue.  Indeed, the Defendant's own statements show he would not hesitate to target minor victims.  Most notably, just one week before his arrest, he transmitted a text stating, "I simply wanna kill all freshm[e]n in my school."  *See* Ex. B., Figure 7.  Additionally, the Defendant's threat and any subsequent attack envisioned the use of firearms.  As alleged in the complaint, the Defendant researched how to obtain a gun, shooting ranges, and mass shootings.  Compl. ¶ 10.c.  He admitted to Individual-3 that if he were to conduct an attack, it would be a shooting attack.  *Id.*  Again, just a few weeks before his arrest, he transmitted a text stating that the "first thing" he would do after moving out of his parents' house was buy a gun.  Ex. B, Figure 6.

Section 3142(f)(1)(E) does not require that the offense involves actual minor victims or the actual use of a firearm. Rather the courts have interpreted "involves" broadly to include cases where there were no actual minor victims or actual firearms.

In *Watkins*, the Second Circuit found that "[e]ven if possession of ammunition by a felon were not a categorical crime of violence under § 3142(f)(1)(A), the Government would still have been entitled to a detention hearing" because the offense "involved" a firearm. *Watkins*, 940 F.3d at 165. The "term 'involves' in § 3142(f)(1)(E) expands the scope of review to the conduct giving rise to the charged offense." *Id.* What partly guided the court's analysis was its interpretation of the phrase "that involves" in 18 U.S.C. 3142(c)(1)(B), which mandates electronic monitoring as a release condition "in any case *that involves a minor victim.*" *Id.* at 165. The court noted that "Congress must have intended for judicial officers to look beyond the elements of the charged offense to determine whether any minors were 'involved' in the particular offense committed." *Id.* at 167. Thus, analysis under § 3142(f)(1)(E) "warrants a conduct-specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." *Id.*

In *United States v. Syed*, No. 1:22-CR-1395-WJ, 2022 WL 6103455 (D.N.M. Oct. 7, 2022), the defendant was charged with making a false statement on an ATF Form 447 in order to obtain two firearms. The court, relying on *Watkins*, "looked beyond the elements of the charged offense" to find that the offense did involve firearms and a detention hearing was warranted. *Id.* at *5.

Similarly, courts have found that detention hearings were warranted pursuant to § 3142(f)(1)(E) in cases where law enforcement agents posed as minor victims. Thus, even though no minor victims were actually involved in the offense charged, the courts found that those crimes did "involve" minor victims for the purposes of § 3142(f)(1)(E) analysis. In *United States v. Schuetz*, the court found that requiring actual minor victims for the purposes of granting a detention hearing "would lead to absurd results." No. 12-mj-3046 2012 WL 3185905, at *4 (C.D. Ill. Aug. 2, 2012) (concluding that defendant was charged with a crime that "involves a minor victim" under § 3142(f)(1)(E), even though he was not communicating with an actual minor, but with a law enforcement officer posing as a minor); *see also United States v. Rizzuti*, 611 F. Supp. 2d 967, 969-70 (E.D. Mo. 2009) (refusing to insert the word "actual" before the phrase "minor victim" in the Adam Walsh Act, and, thus, declining to relieve defendant of the conditions of home detention and travel restrictions where defendant communicated with an "adult law enforcement officer and not [with] a person under the age of 17 as the indictment alleges defendant believed").

4

Thus, the Defendant's continued detention is warranted because his offense involves minor victims and firearms.

### c. A detention hearing is warranted because the Defendant poses a serious risk of flight.

Should the Court decide that neither § 3142(f)(1)(A) nor § 3142(f)(1)(e) apply here, the Court can nonetheless maintain the Defendant's detention because he poses serious risks of flight and that he will obstruct justice. The complaint is replete with allegations that the Defendant not only supports terrorist organizations such as ISIS and al-Qaeda, but that he also communicates with al-Qaeda individuals overseas. *See* Compl. ¶¶ 7-10, 13, 14. He also admitted to law enforcement that he himself has been radicalized over the past year. *Id.* ¶ 10. The Defendant has dual citizenship with Jordan, and as recently as September 2022, he expressed an interest in leaving the United States to join foreign fighters. Ex. B, Figure 2-B. Thus, the Defendant's ties and allegiance to foreign terrorist organizations show that he does not value any ties to his community here the same way a criminal defendant without such overseas ties might. Additionally, as recently as August 2022, he acknowledged deleting a social media account because he believed there was a good chance he was being investigated by the FBI. Ex. B, Figure 1. These facts show that the Defendant is both a serious flight risk and willing to destroy evidence to evade law enforcement. Thus, the Court can grant a detention hearing pursuant to 18 U.S.C. § 3142(f)(2).

## **Conclusion**

      For these reasons and those the Government has previously advanced, detention can be ordered in this case. Additionally, as set forth in the Government's opposition papers, there is no condition or combination of conditions that can reasonably assure the safety of the community or assure the Defendant's appearance at future proceedings. The Defendant should remain detained pending trial.

                                      Respectfully submitted,

                                      PHILIP R. SELLINGER
                                      United States Attorney

                                      *s/ Christopher D. Amore*
                                      CHRISTOPHER D. AMORE
                                      BENJAMIN LEVIN
                                      Assistant United States Attorneys

cc:    Rahul Sharma, Esq.
        Timothy Donahue, Esq.
        Evan J. Austin, Esq.